RtjffiN, C. J.
 

 As far as this application is founded on surprise, we think it cannot be sustained for two reasons. One is upon a matter of law, as laid do\Vn in
 
 Betts
 
 v
 
 Franklin,
 
 4 Dev. & Bat. 464, which is, that from the nature of the defence it must be made in the County Court, and if not made there, it is gone at laAV. There is no new trial to take place in the Superior Court, nor any question in the Superi- or Court, of the sufficiency in law of any defence made in the County Court. But the whole rests upon an allegation, that the party had a good defence at law, which he has 'lost without his fault and by the fault of the other party, and asks that the other party shall not be allowed to insist upon his advantage.
 

 Now, that prayer it is not the province of an appellate Court
 
 *334
 
 of Law or Court of Errors to grant, but that of a Court of ~Equity, which relieves against accident, mistake or surprise, and restrains one from an unconscientious advantage. But, secondly, there was no surprise in this case, or any ground, on which even a Court of Equity could assist the party. We agree with his Honor as to the effect of the affidavits, that Watts had given Boyle no reason to think, he might leave Court, and that the mistake of the latter arose out of his own folly and carelessness in not making enquiry from the creditor himself or his attorney. Upon the remaining question we think the opinion of his Honor erroneous. We do not stop to enquire, whether a
 
 certiorari
 
 is or is not the proper proceeding for annulling an erroneous judgment of the county court in such cases as this. We presume it is a mere clerical error, that “ the case was transferred to the trial docket; ” since there is nothing to try, and the judgment should at once have been, that the judgment of the county court was quashed or reversed, and the parties left to begin again. But assuming this to be a proper proceeding to correct the error of the County Court, any, we think the motion of Watts should have been allowed, because that judgment is not erroneous.
 

 We held in
 
 Dobbin
 
 v
 
 Gaster,
 
 4 Ired. 71, that where the bond was in due form, according to the statute, and the debtor would not appear and take objections to the previous proceedings (if open to him there) the Court was not bound to look out of the bond, and go back, more than it would be bound to require the plaintiff to prove his declaration in debt, when the defendant did not deny it by plea. The debtor mid his sureties must take care to make an appearance and defence in due time; and ought not
 
 to be
 
 heard after judgment, to take exceptions, as to matter of fact which they omitted to present, when the case was regularly before the Court. Our opinion, therefore, is that the judgment must be reversed, and that judgment be given against Boyle and his sureties, Hoffman and Pettijohn, and also the sureties for the
 
 certiora-ri,
 
 for the debt, interest and costs formerly recovered, and
 
 *335
 
 the costs of the Superior Court and of this Court.
 

 Per Curiam, Judgment accordingly.